


# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STANLEY E. KORNAFEL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEL CHEVROLET and JACK | : | NO. 18-1419 |
| DELVECCHIO, | : | |
| Defendants. | : | |

## MEMORANDUM

**JONES, J.**                                                                                           **APRIL 10, 2018**

Plaintiff Stanley E. Kornafel, proceeding *pro se*, brings this civil action against Del Chevrolet and its owner, Jack Delvecchio. For the following reasons, the Court will grant Mr. Kornafel leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

The Court understands Mr. Kornafel to be raising claims based on his purchase of a car from the Del Chevrolet dealership in 2015. The Complaint reflects that the car "unexpectedly self destructed" hours after Mr. Kornafel purchased it. (Compl., ECF No. 2 at 3, ¶ 3 & 4, ¶ 4.) It appears that Mr. Kornafel tried to work out the issue with the dealership, but the dealership would not replace his car. Accordingly, Mr. Kornafel initiated a *pro se* civil action against the dealership in state court.

The Complaint suggests that the state court issued a preliminary order in Mr. Kornafel's favor, but reflects that the dealership ultimately prevailed in court-ordered arbitration. (*Id.*, ECF No. 2 at 3.) Mr. Kornafel claims various errors in the arbitration process and notes that the arbitrators' decision was based on errors and falsehoods. Mr. Kornafel continued to pursue his clams in state court but he did not prevail. He alleges that the Court of Common Pleas "used

1

position of authority to unfairly advance the defendant with trickery that deprived legally and lawfully due jury trial," and "unfairly prevented [him] from court ordered granted leeway denying his access to the court and being heard." (*Id.*) That allegation appears to be based on the fact that Mr. Kornafel believed, based on a conversation with the Prothonotary, that he had filed all of the proper paperwork in his case, even though it appears he had not submitted a praecipe to ask the court to consider his late-filed response to a motion for summary judgment. As a result, summary judgment was entered against him.

Mr. Kornafel appealed to the Superior Court. He alleges that a judge's "name was omitted from the court's docket sheet creating a false first impression" and that, despite having been advised of the error, "the court refused to make correction but denied appeal based on the fraudulently granted Summary." (*Id.*, ECF No. 2 at 4.) Mr. Kornafel's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

Thereafter, Mr. Kornafel initiated the instant civil action based on the sale of the defective car and the numerous perceived errors and injustices in the state-court litigation. He primarily cites various constitutional provisions as the basis for his claims. He asks this Court to "allow[] a jury trial or remand[] the case back to the lower court to fulfill its obligation of finding facts and duty of finding truth through the previously determined lawfully due jury trial." (*Id.*, ECF No. 2 at 19, ¶ 1.) He also seeks monetary damages.

## II. STANDARD OF REVIEW

The Court grants Mr. Kornafel leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. As Mr. Kornafel is proceeding *in forma pauperis*, the Court must screen his Complaint to determine whether it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. *See* 28 U.S.C. §

2

1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mr. Kornafel is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Claims Seeking Review of State Court Judgments

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Mr. Kornafel, who lost in state court, filed this action primarily seeking reversal of the state courts' judgments because the state courts' rulings were allegedly incorrect. Accordingly, the Court lacks subject matter jurisdiction because Mr. Kornafel is essentially seeking to appeal judgments entered against him in state court.

#### B. Remaining Claims

To the extent Mr. Kornafel is bringing federal constitutional claims under 42 U.S.C. § 1983 that are not subject to *Rooker-Feldman*, there is no legal basis for his claims. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the Defendants are not state actors so they are not subject to liability under § 1983. Having reviewed the

3

Complaint, the Court cannot discern any basis for invoking the Court's federal question jurisdiction based on the events as explained by Mr. Kornafel. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (per curiam) (concluding that plaintiff failed to invoke the District Court's federal question jurisdiction when there was no substantial basis for his federal claims (quoting *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015))). If Mr. Kornafel sought to proceed on state law claims against the Defendants, there is no basis for diversity jurisdiction over those claims. *See* 28 U.S.C. § 1332.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint. As Mr. Kornafel cannot cure the jurisdictional defects in his claims, he will not be given leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In light of the dismissal of Mr. Kornafel's Complaint, the Court will also deny his motion for counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows, which shall be docketed separately.

4/13/18 Ronald
Kornafel
Del Vecchio
Del Chevrolet